BEACON MILLING COMPANY, Plaintiff, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Defendant.

Supreme Court, Cayuga County, September 11, 1930.

*Leary & Leary*, for the plaintiff.

*Harris, Beach, Folger & Bacon*, for the defendant.

CUNNINGHAM, J. The plaintiff, holding bills of lading issued by the defendant covering a number of cars of grain, claims to have received less grain than the amounts specified in the bills of lading and seeks to recover for the alleged shortage. The jury rendered a verdict in favor of the plaintiff.

The defendant received eleven cars of grain at Buffalo and issued negotiable bills of lading for the same, stating in each bill the weight. The bills of lading were partly printed and contained typewritten insertions. In the printed forms were the words " weight —— subject to correction." In each blank space the weight of the grain in a particular car was typewritten by one of the defendant's employees.

These bills of lading were issued to the order of the shipper and were sent to a bank at Cayuga, where plaintiff secured the bills of lading by paying for the amount of wheat stated therein and also freight rates upon such amounts.

The jury has found that the plaintiff gave value for such bills of lading in good faith, relying on the description of the goods in such bills. The jury also found that the plaintiff did not receive the amount of wheat stated in the various bills of lading.

It is provided that a carrier issuing a bill of lading is liable to the holder of a negotiable bill of lading who purchased it in good faith for value " for damages caused by the non-receipt by the carrier or a connecting carrier of all or part of the goods." The carrier, however, is not liable for the non-receipt of the goods if he insert in the bill the words " ' shipper's load and count ' or other words of like purport." (Pers. Prop. Law, § 209, as added by Laws of 1911, chap. 248.)

Bills of lading are the instrumentalities through which a large portion of the business of this country is transacted. Laws intended to enhance and enlarge the negotiability and value of such bills should be construed so as to protect those who in the course of commercial transactions purchase the bills, relying upon the statements contained therein.

The words " weight —— subject to correction " do not indicate that the shipper loaded and weighed the grain and do not relieve the carrier from liability for non-receipt of a portion of the goods. (*Chi. & N. W. Ry. Co.* v. *Bewsher*, 6 F. [2d] 947; certiorari denied, 270 U. S. 641.)

Moreover, when the words " shipper's load and count " are inserted in the bill of lading, the carrier is not relieved from liability for non-receipt unless it is in fact true that the goods were loaded by the shipper and a description of them made by him. (Pers. Prop. Law, § 209.)

These goods were weighed at the elevators in Buffalo and the defendant had a representative present at such weighing, and also had two men superintending the loading of the grain into the cars. It can hardly be said, under such circumstances, that the defendant relied upon the count or weight given to it by the shipper,

but rather that it secured such information from one of its own employees. Therefore, I am of the opinion that the words in the bill of lading " weight —— subject to correction " do not relieve the defendant from liability in this case.

The motion to set aside the verdict is denied, with ten dollars costs.